UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMAL TURNAGE, ) | CASE NO. 1:13cv2273 |
| ) | Related Criminal Case No. 1:12cr587 |
| ) | |
| Plaintiff, ) | JUDGE DAN AARON POLSTER |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

Before the Court is Petitioner Jamal Turnage's *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody **(Doc. #1 )**. For the reasons to follow, the Motion is **DENIED** and the case summarily dismissed.

**I.**

On March 01, 2013, Turnage pled guilty to two counts in the indictment; count two, which charged him with unlawfully taking and obtaining approximately thirty bottles of prescription medication, money, and other general merchandise from a CVS pharmacy in violation of 18 U.S.C 1951(a), and count three, which charged him with brandishing a firearm during a robbery in violation of 18 USC 924(c)(1)(A).[1] (Doc. #18). Following Turnage's guilty plea, the Court sentenced Turnage to 154 months in prison. (Doc. # 25).

---

[1] All document references, except for the instant motion, are from the criminal case, No. 1:12cr587-DAP.

1

**II.**

Under 28 U.S.C. § 2255, a federal district court may grant relief to a prisoner in custody under a sentence imposed by that court "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." *Id.* To prevail on a § 2255 claim, the petitioner must allege either "1) an error of constitutional magnitude; 2) a sentence imposed outside the statutory limits; or 3) an error of fact or law that was so fundamental to render the entire proceeding invalid." *Short v. United States,* 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States,* 334 F.3d 491, 496-97 (6th Cir. 2003).

Rule 4(b) of the Rules Governing Section 2255 Proceedings requires the judge to whom the 2555 petition is assigned to promptly make a preliminary examination of the petition, records, and transcripts relating to the judgment under attack. Rule 4(b) provides in pertinent part as follows:

> If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

*Id.* The Court has promptly examined the § 2255 Petition, the record in the underlying criminal case, and the case law and finds that it plainly appears that Turnage is not entitled to relief in the district court for the following reasons.

**III.**

On October 11, 2013, Turnage filed the instant § 2255 Petition, alleging one ground for relief. Turnage argues that his sentence is illegal and asks the Court to resentence him under the appropriate Federal Sentencing Guidelines ("Guidelines"). (Doc. #1 at pp.5,12) Turnage does not explain why his sentence his illegal. Rather, he quotes portions of section 4A1.2 (c) of the Guidelines and asks the Court to consider *Untied States v. Peyton*[2].

Pursuant to section 4A1.2 (c) of the Guidelines, in calculating the total points for a defendant's criminal history, sentences for misdemeanor and petty offenses are counted, subject to two exceptions. In his § 2255 Petition, Turnage quotes both of these exceptions, which provide, in part:

> 1) Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are counted only if (A) the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense ... 2) Sentence for the following prior offenses and offenses similar to them, by whatever name they are known, are never counted.

21 U.S.S.G. § 4A1.2 (c). Under the second exception, one of the "prior offenses" that is never counted is juvenile status offenses. Turnage also asks the Court to consider *United States v. Peyton,* in which the court held that a juvenile adjudication for distribution of cocaine did not trigger the penalty enhanced provisions of 21 U.S.C. § 841 (b)(1)(A). *United States v. Peyton,*

---

[2] Turnage does not include a case citation for *United States v. Peyton.* A search on WestLaw for cases with "Peyton" as a party name, which were issued on the date that Turnage provides, results in one case, *United States v. Peyton,* 716 F. Supp.2d 1 (D. D. C. 2010). This case discusses issues generally relevant to Turnage's Petition, so the Court will assume that this is the case that Turnage is referring to in his § 2255 Petition.

716 F. Supp.2d 1, 3 (D.D.C. 2010).

In this case, the Court considered Turnage's juvenile adjudications in calculating his criminal history score. Therefore, presumably, Turnage is arguing that the Court should not have considered his juvenile adjudications in calculating his criminal history score and, as a result, the sentence that the Court imposed is unlawful.

In his plea agreement, Turnage waived his right to bring a collateral challenge under §2255, except for ineffective assistance of counsel or prosecutorial misconduct. (Doc. # 19 at ¶ 21). Turnage's § 2255 Petition does not allege either ineffective assistance of counsel or prosecutorial misconduct. The record indicates that Petitioner knowingly and voluntarily entered into his plea agreement, including the waiver of his §2255 rights. (Doc. # 35, Transcript at pp.11-12). As plea-agreement waivers of §2255 rights are generally enforceable, *Short v. United States*, 471 F.3d 686, 697-98 (6th Cir. 2006), and the Court carefully covered the §2255 waiver during the Change of Plea Colloquy, Petitioner is bound by his waiver.

Furthermore, to the extent Turnage argues that the Court incorrectly calculated his sentence under the Guidelines, he fails to allege a claim that is cognizable under § 2255. For count two of the indictment, the Court sentenced Turnage to 70 months in prison, well below the statutory maximum of 240 months. For count three, the Court sentenced him to 84 months, which is the minimum sentence imposed by statute. Therefore, Turnage's § 2255 Petition does not raise any constitutional issues. *See United States v. Layne,* 324 F.3d 464, 474 (6th Cir. 2003) (ruling that "a sentence imposed within the maximum set by statute generally does not constitute cruel and unusual punishment") (citation omitted); *see also Austin v. Jackson*, 213 F.3d 298, 301 (6th Cir. 2000) (noting that "[a]s long as the sentence remains within the statutory limits, trial

4

courts have historically been given wide discretion in determining the type and extent of punishment for convicted defendants.") (citation and internal quotation omitted).

To prevail on a § 2255 motion alleging non-constitutional error, the petitioner must show a "fundamental defect which inherently results in a complete misarrange of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States,* 165 F.3d 486, 488 (6th Circ. 1999) (internal quotation and citation omitted). An allegation that the sentencing court incorrectly calculated a defendant's sentence under the Guidelines does not amount to a non-constitutional error cognizable under § 2255. *See United States v. Calderon,* Case No. 98-1336, (6th Circ., Sept. 27, 1999) (unpublished opinion) ("Alleged Guideline violations do not constitute error that result in a complete miscarriage of justice or in a proceeding inconsistent with the rudimentary demands of fair procedure.") (citation and internal quotation omitted).

Turnage should have raised this issue on direct appeal, not in a 28 U.S.C. § 2255 Petition. *U.S. v. Johnson,* 2009 WL 2151723, *2 (N.D. Ohio, July 16, 2009) (holding that "[a]n appeal of an incorrect sentence based on [the Guidelines] should have been raised on direct appeal.. not in a 28 U.S.C. § 2255 motion) (citation omitted); *see also Reynolds v. United States.,* 2013 WL 791139, *12 (E.D. Tenn., March 4, 2013) (holding that an error in the Guidelines calculation is not one that entitles a person to relief under 28 U.S.C. § 2255 ). In his plea agreement, Turnage reserved the right to appeal the Court's determination of his criminal history category. (Doc. # 19 at ¶ 21). However, he did not appeal this issue, and the 14 day time limit for him to file a notice of appeal in this Court has passed. Federal Rule of Appellate Procedure 4(b)(1)(A). Turnage's collateral challenge, which he waived and is not cognizable under § 2255, cannot substitute for a direct appeal. *United States v. Johnson,* 2009 WL 2151723, *2 (N.D. Ohio, July

16, 2009) (citing *United States v. Frady,* 456 U.S. 152, 164-165 (1982)).

### IV.

Accordingly, Jamal Turnage's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody **(Doc. # 1)** is hereby **DENIED** and the case is summarily dismissed under Rule 4(b).

**IT IS SO ORDERED.**

>  */s/Dan Aaron Polster 10/25/13*
> **Dan Aaron Polster**
> **United States District Judge**