# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | CASE NO: 1:12-CR-587 |
| v. | ) | Judge Dan Aaron Polster |
| JAMAL TURNAGE, | ) | OPINION AND ORDER |
| Defendant. | ) | |

## MEMORANDUM

Before the Court is Defendant Jamal Turnage's Motion to Correct Sentencing and Request for an Attorney, **Doc #: 77**. For the following reason, Turnage's Motion is **DENIED**.

## FACTUAL BACKGROUND

On March 1, 2013, Turnage pleaded guilty to one count of Interference with Commerce by Robbery in violation of 18 U.S.C. § 1951(a) and one count of Brandishing a Firearm During a Crime of Violence in violation of 18 U.S.C. § 924(c). Doc #: 18. On May 30, 2013, Turnage was sentenced to 154 months custody of the U.S. Bureau of Prisons, 3 years supervised release, $200 total special assignment; and $38,834.46 restitution. Doc #: 25.

## ANALYSIS

Turnage now asserts that he is entitled to relief from his sentence in light of the Supreme Court's holding in *Davis v. United States*, 139 S. Ct. 2319 (2019). Doc #: 77. Turnage's

conviction for Brandishing a Firearm During a Crime of Violence is based on 18 U.S.C. § 924(c)(1)(A). Section 924(c)(1)(A) prohibits the use or possession of a firearm during or in relation to a crime of violence or a drug trafficking crime. "Crime of violence" is defined as an offence that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. §§ 924(c)(3)(A), (B).

The Supreme Court in *Davis* held that § 924(c)(3)(B) is unconstitutionally vague. *Davis*, 139 S. Ct. at 2336. Thus, if Turnage's conviction under § 924(c) was based on defining "crime of violence" under § 924(c)(3)(B), Turnage's conviction would be unconstitutional.

However, Turnage's conviction was not based on § 924(c)(3)(B). The predicate offence to Turnage's § 924(c) conviction is Interference with Commerce by Robbery in violation of 18 U.S.C. § 1951(a). Doc #: 1 at 11-12. Interference with Interstate Commerce occurs when someone:

> [I]n any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section . . . .

18 U.S.C. § 1951(a). The definition of both robbery and extortion involve actual or attempted force against a person or property of another. 18 U.S.C. §§ 1951 (B)(1), (2). Thus, the predicate offence for Turnage's § 924(c) conviction has an element of use, attempted use, or threatened use of physical force against a person or property of another. Therefore, Turnage's § 924(c) conviction is based on the constitutional § 924(c)(3)(A), not the unconstitutional § 924(c)(3)(B).

2

Thus, Turnage's Motion to Correct Sentencing and Request an Attorney, **Doc #: 144**, is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster October 29, 2019*
**Dan Aaron Polster**
**United States District Judge**