IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JAMAL TURNAGE, )<br>)<br>Defendant. )<br>) | CASE NO: 1:12 CR 587<br><br>Judge Dan Aaron Polster<br><br><br>**OPINION AND ORDER** |

I. Introduction

On March 12, 2024, Defendant Jamal Turnage filed a Motion for Relief under 18 U.S.C. § 3582 requesting a reduction to the term of his sentence following an amendment to the sentencing provisions, which took effect on November 1, 2023. ECF Doc. 86. Specifically, Amendment 821 retroactively changed the status points to be applied to Mr. Turnage's sentence. *See* U.S.G. § 4A1.1(e). The Government filed a response in opposition on March 26, 2024. ECF Doc. 87. The Defendant has not filed a reply.

Both Turnage and the Government agree that, under the amended provision, Turnage would now receive 1 status point instead of 2 and have a total of 9 criminal history points, which has the effect of lowering Turnage's criminal history category from V to IV. However, because the Court sentenced Turnage to the lower end of the original sentencing guideline range, his original sentence (even with less status points) is still within the amended sentencing guideline range. This, coupled with the fact that 18 U.S.C. § 3553's factors do not weigh in his favor, leads the Court to deny Mr. Turnage's motion. The Court's decision is further explained below.

1

## II. Background

On November 23, 2012, Defendant and another man robbed at gunpoint a CVS pharmacy in Cleveland, Ohio. ECF Doc. 23 at 5. Defendant took an active part in the robbery. *Id.* On December 20, 2012, a grand jury indicted him with Hobbs Act Robbery, in violation of 18 U.S.C. § 1915(a), and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). ECF Doc. 8.

Under U.S.S.G. § 2B3.1(a), the Defendant's base offense level for Count 2 was 20. ECF Doc. 23 at 6. The base offense level was increased a total of four levels for: (i) person physically restrained (+2) pursuant to §2B3.1(b)(4)(B), (ii) controlled substances taken (+1) pursuant to §2B3.1(b)(6), and (iii) total loss exceeding $10,000 (+1) pursuant to §2B3.1(b)(7)(B). ECF Doc. 23. After accounting for acceptance of responsibility, Defendant's resulting total offense level was 21. Defendant's criminal history of assault, criminal trespassing, attempted robbery, petty theft, robbery, and unauthorized use of a motor vehicle collectively yielded 9 criminal history points. However, pursuant to Guideline § 4A1.1, Application Note #3, a maximum of only four (4) criminal history points may be counted under this section. Thus, his subtotal criminal history score was eight (8). At the time the instant offense was committed, the defendant was on ODYS Aftercare/Parole in Case No. 10DL120137. Pursuant to U.S.S.G. § 4A1.1(d), two points were added. According to the Sentencing Table in U.S.S.G. Chapter 5, Part A, 10 criminal history points correspond to criminal history category V. ECF Doc. 23 at 10. The advisory guideline range at offense level 21, criminal history category V, is 70 to 87 months. In addition, Count 3 carried a statutory mandatory minimum of 7 years (84 months) incarceration to be served consecutively to the sentence imposed in Count 2 (minimum total of 154 months, to a maximum of 171 months). ECF Doc. 23 at 13.

2

On June 5, 2013, the Court sentenced Mr. Turnage to 154 months (70 months on Count 2 and 84 months on Count 3, to be served consecutively) followed by three years supervised release and restitution in the amount of $38,834.46.  ECF Doc. 27 at 2-3.  Mr. Turnage is serving his sentence at Coleman I USP with a release date of March 19, 2025.[1]  Mr. Turnage has received numerous disciplinary infractions, including some for violent and sexual misconduct during his imprisonment.[2]

III.  Discussion

A. Sentencing Guideline Amendment 821

The Sentencing Commission recently regained its quorum and amended the Sentencing Guidelines.  Part A to Amendment 821 altered the "status points" provision regarding criminal history, which now appears in Section 4A1.1(e).  The amended provision states:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

Thus, a person who has 7 criminal history points or more now receives 1 additional "status" criminal history point, instead of 2.  A person who otherwise has 6 criminal history points or fewer receives no status points.  On August 24, 2023, the Commission decreed that this change is to apply retroactively.

Under the amended provision, Mr. Turnage would now receive 1 status point instead of 2, and have a total of 9 criminal history points.  His previous criminal history category would

---

[1] Federal Bureau of Prisons Website as of May 7, 2024, https://www.bop.gov/inmateloc/.
[2] In support of its opposition to Mr. Turnage's motion, the Government submitted Mr. Turnage's record of infractions during his incarceration.  ECF Doc. 87-1.

change from category V to category IV, and his new guidelines range would be 57-71 months for Count 2.

18 U.S.C. § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Here, the Court previously sentenced Mr. Turnage to 70 months on Count 2, which was the minimum of the guideline range of 70-87 months. The sentencing guideline would now be 57-71 months. Thus, even with the retroactive application of Amendment 821, the Court's original sentence is within the amended sentencing range. Mr. Turnage has requested that the Court reduce his sentence to the lower end of the amended range. Before the Court reduces Mr. Turnage's sentence, however, it is required to consider the factors set forth in section 3553(a).

### B. § 3553(a) Factors

Under § 3553(a), there are seven factors: 1) the nature and circumstances of the offense and the history and characteristics of the defendant; 2) the need for the sentence imposed; 3) the kind of sentences available; 4) the kinds of sentence and the sentencing range; 5) any pertinent policy statement; 6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and 7) the need to provide restitution to any victims of the offense. 18 U.S.C.S. § 3553.

Here, the 3553(a) factors do not weigh in favor of reducing Mr. Turnage's sentence. Mr. Turnage committed a dangerous crime and put innocent victims in fear for their lives. Equally

disconcerting is Mr. Turnage's disciplinary record in prison. He has incurred numerous discipline infractions during his imprisonment – some of which were violent and some of which were sexual in nature. *See* ECF Doc. 87-1. Given Defendant's history, both before and after he was incarcerated, the Court is not inclined to reduce his sentence, particularly because his sentence remains within the appropriate sentencing range even after the amendments to the Sentencing Guideline. Having reconsidered the § 3553 factors, the Court finds that they do not weigh in favor of reducing Mr. Turnage's sentence.

### IV. Conclusion

For the above reasons, Mr. Turnage's Motion for Sentence Reduction is hereby **DENIED**.

**IT IS SO ORDERED.**

Dated: May 7, 2024                                             *s/Dan Aaron Polster*
                                                                United States District Judge